UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE M. JONES                        CIVIL ACTION

VERSUS                                 NUMBER: 07-4192

MICHAEL J. ASTRUE,                     SECTION: "F"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


## REPORT AND RECOMMENDATION


Presently before the Court is plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), and defendant's response thereto. (Rec. docs. 20, 21). For the reasons that follow, it is recommended that plaintiff's application be denied.

The above-captioned matter is an action seeking judicial review of a decision of the Commissioner of the Social Security Administration denying plaintiff's application for Supplemental Security Income ("SSI") benefits. (Rec. doc. 1). On January 28, 2009, after due briefing by the parties, the Court issued a Report

and Recommendation finding that the Commissioner had not carried his burden of proof at step five of the sequential analysis set forth in 20 C.F.R. §416.920 and recommending that plaintiff's case be remanded to the Administration for the purpose of eliciting testimony from a vocational expert.[1]/ (Rec. doc. 16, pp. 18-21). The parties filed no objections to the Report and Recommendation and on February 25, 2009, judgment was entered remanding plaintiff's case to the Commissioner. (Rec. doc. 18). On July 30, 2009, plaintiff filed the present application for attorney's fees under EAJA. (Rec. doc. 20). The Commissioner filed his response to plaintiff's application on August 19, 2009. (Rec. doc. 21).

In a "fourth sentence" case like this one, an application for EAJA fees must be filed within thirty days of the finality of the judgment remanding the case to the Commissioner. Pierce v. Barnhart, 440 F.3d 657, 661 (5th Cir. 2006)(citing 28 U.S.C. §2412(d)(1)(B)). This deadline represents a waiver of the sovereign immunity that the government otherwise enjoys and is thus considered to be jurisdictional in nature. Id.

The judgment in this case became final on April 28, 2009 when

---

[1]/ The Court's Report and Recommendation was effectively a substantive ruling that brought it within the scope of a fourth sentence remand under 42 U.S.C. §405(g). See, e.g., Harris v. Barnhart, 2002 WL 1066747 at *2-4 (E.D. La. May 28, 2002)(Vance, J).

the sixty-day period prescribed by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure expired and no appeal was taken.[2]/ To be timely, then, plaintiff's application for EAJA fees had to be filed within thirty days of April 28, 2009, or May 27, 2009. 28 U.S.C. §2412(d)(1)(B). Plaintiff's application, filed as it was on July 30, 2009, was filed more than sixty days too late. It will thus be recommended that plaintiff's application for EAJA fees be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's application for EAJA fees be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

---

[2]/ The sixtieth-day following February 25, 2009 falling on a Sunday, the appeal time was extended through April 27, 2009. Rule 26(a)(3), Fed.R.App.Pro.

New Orleans, Louisiana, this __21st__ day of ___October___,

2009

~~2004~~

_Alma L. Chasez_

_____

ALMA L. CHASEZ

UNITED STATES MAGISTRATE JUDGE

4